# FILED
20 AUG 26 AM 11:14
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION
#### COVER SHEET

**Plaintiff(s)**

University of Pittsburgh

N.W.

**Case Number:** GD-20-009164

**Type of pleading:** Civil Right

**Code and Classification:**

**Filed on behalf of**

Vs

**Defendant(s)**

University of Pittsburgh

N.W.
(Name of the filing party)

[ ] Counsel of Record
[✓] Individual, If Pro Se

**Required Information:**
Name: N.W.
Address: ████████
Phone Number: ████████
Email Address: NW0354271@gmail.com

Attorney's State ID:

Attorney's Firm ID:

[cover]

COURTS OF COMMON PLEAS OF THE STATE OF PENNSYLVANIA

COUNTY OF ALLEGHENY

-----------------------------------------------------------------X

N.W.

    -against-

University of Pittsburgh

Defendant.

-----------------------------------------------------------------X

Index No.

SUMMONS

Date Index No. Purchased

To the Person (s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty(30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 08/24/2020

N.W.
NW0354271@gmail.com

# COMPLAINT

Index No. _____

COURTS OF COMMON PLEAS OF THE STATE OF PENNSYLVANIA

COUNTY OF ALLEGHENY

N.W.

Plaintiff,

v.

University of Pittsburgh

Defendant.

# BACKGROUND

1. The plaintiff graduated college among the top of his class in the biological sciences with honors. He scored in the ninety percentiles of the two science portions (includes physics, chemistry, biology, and biochemistry) of the national medical college admission test (MCAT).

2. The plaintiff interviewed for graduate school and got accepted at an Ivy University but subsequently decided to accept an offer from a graduate program at the University of Pittsburgh, School of Medicine.

3. At the commencement of his graduate program in Fall 2019, the plaintiff has been engaged in a few court proceedings against ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ for claims such as intentional discrimination and retaliation.

4. The plaintiff became subjected to retaliation by some of his lecturers and the leadership of his specific graduate program at the University of Pittsburgh. The plaintiff was intentionally being graded harder than the other students with the intention to undermine his academic abilities and/or dismiss the plaintiff from the program.

5. These retaliatory actions were not arbitrary but aligned with a deceptive argument that at least one of the ongoing lawsuits defense attorneys desperately wish to present.

6. The plaintiff was the only Black male in his cohort and possibly in that entire graduate program.

7. The plaintiff did well in his other courses but scored a B- on the prime course that he was being graded harder in. The plaintiff met with the director about three times before the final grades were available and the director had promised to review the exams. The plaintiff had simply requested that he compared the responses given for the scores assigned to students. The director failed to review the exams and sought ████████████████████████████

8. The plaintiff was coerced by the director to meet with a psychologist/psychiatrist after he disclosed that he was being intentionally graded harder and that he was being retaliated against due to ongoing lawsuits. The plaintiff also disclosed that he was facing other retaliatory actions on-campus because of the ongoing lawsuits. The plaintiff notified the Chancellor of the University and the Executive Director of the Graduate Office about the retaliation he was facing tied to ongoing lawsuits. But yet, the retaliations continued.

9. The plaintiff did well in his courses in the Spring 2020 and Summer 2020. The director reached out to plaintiff to register to retake the prime course that he got B- in. However, the plaintiff declined to register for the course on principle, failure of the director to follow through with an independent review, and the coordinated efforts related to ongoing lawsuits.

10. The director subsequently presented the plaintiff with an ultimatum as noted in the attached confidential letter. Both scenarios align with the false premise that the ongoing lawsuits wishes to argue. Additionally, the University of Pittsburgh also sought to "shield" themselves from any possible lawsuits by upholding the deceptive premises.

11. The plaintiff is demanding a jury trial if there are any disagreements to the factual allegations presented and relief sought herein.

12. The plaintiff will motion/cross-motion to amend this Complaint to include the specific names of individuals and additional allegations if the Defendant has any disagreements to the factual allegations presented and relief sought herein or move to dismiss the Complaint. The plaintiff did not want to commence this lawsuit, in part, to minimize additional retaliation as he pursue his career to become a scientist. Moreover, the deceptive premises that instigated this lawsuit play in the desperate and corrupt minds of the defense attorneys in ongoing lawsuits. While the baseless deceptive premises are not "presidential pardons" for the actions of their client, it allows for needless argument and the involvement of additional witnesses and discovery.

## RETALIATION CLAIMS UNDER (1) PENNSYLVANIA HUMAN RELATIONS ACT AND UNDER (2) TITLE VI

13. The plaintiff was harassed by staff from the military recruitment office with not only repeated requests to join the military but repeated stalking. The initial ongoing court case filed by the plaintiff included factual allegations against individuals making aggressive and harmful attempts to coerce the plaintiff to join the military. The subsequent lawsuits are essentially tied to the continued retaliation from various individuals with power and influence.

14. The plaintiff has been harassed and/or defamed by some students, staff, and faculty since the influence by the military recruitment office and outside influences penetrated the University.

15. The director of the plaintiff graduate program also denied the plaintiff of opportunities to engage in activities because of the director's retaliatory actions.

16. The plaintiff is filing these Retaliation Claims under (1) Pennsylvania Human Relations Act and under (2) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000-d et seq and similar Pennsylvania State Laws. The plaintiff who is a Black male has been engaging in protected activity by filing claims such as a discrimination claim in other courts. The defendant has taken a number of adverse actions against the plaintiff including the ultimatum presented in the attached letter. The engagement in the protected activities is the primary source of the retaliatory actions: the distain and unreasonable grading by lecturers; harassments and defamations by staff and some students; and corrupted and conditional support by the leadership of the graduate program and the University.

## RELIEF

17. Declarative Order against the Defendant to do an independent and timely review of the four exams for the course in question.

18. Declarative Order for a stoppage to retaliatory actions negatively impacting the Plaintiff's academic and social life at the University of Pittsburgh.

19. Other Relief that the Court deemed just and appropriate.

Dated: August 24, 2020

# VERIFICATION

████████████, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and behalf and as to those matters I believe them to be true.

Sworn to before me this
24th day of AUG ~~201~~ dp 2020

*Diane J Parks*

```
COMMONWEALTH OF PENNSYLVANIA
          NOTARIAL SEAL
    Diane J. Parks, Notary Public
    Pine Twp., Allegheny County
 My Commission Expires Sept. 9, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: N.W.
Signature: N.W.
Name: N.W.
Attorney No. (if applicable): _____

Rev. 7/2018