IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| N. W., | ) |
| Plaintiff, | ) 2:20-CV-01964-CCW |
| vs. | ) |
| University of Pittsburgh, | ) |
| Defendant. | ) |

**OPINION AND ORDER REMANDING THE CASE TO STATE COURT**

Before this Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 2. Plaintiff, who is proceeding pro se, filed his Motion for Preliminary Injunction after removing the case from state court. *See* ECF No. 1; ECF No. 2. For the following reasons, the Court hereby remands the case to state court.

**I.   Procedural History**

Plaintiff, a former doctoral candidate at Defendant University of Pittsburgh, originally filed this action in Court of Common Pleas of Allegheny County on August 26, 2020 alleging that Defendant discriminated against him on the basis of race. *See* Court of Common Pleas of Allegheny County, Pennsylvania, GD-20-09164 (the "Allegheny County Docket"). In particular, Plaintiff's complaint alleges that the University graded him more harshly because of his race and in retaliation for seeking redress of that discrimination. *See generally,* Compl., ECF No. 1-2.

Judge Ignelzi of the Allegheny County Court of Common Pleas held a hearing on Plaintiff's request for injunctive relief on December 15, 2020 via videoconference. Def.'s Br. in Opp. to Removal, ECF No. 15, at 1. Judge Ignelzi denied Plaintiff's request for injunctive relief

the same day.  *See* Allegheny County Docket, Doc. No. 3.  Plaintiff moved for reconsideration, which Judge Ignelzi denied on December 16, 2020.  *See* Allegheny County Docket, Doc. No. 4.

The next day, Plaintiff removed the action to this Court and sought an emergency injunction to reinstate him as a doctoral student at the Defendant University.  ECF No. 1; ECF No. 2.

This Court held a Telephonic Status Conference on December 21, 2020 to discuss Plaintiff's request for injunctive relief.  ECF No. 10.[1]  During that Conference, Defendant expressed its position that Plaintiff's removal of this case to federal court was improper.  *Id.*  Defendant filed a brief in opposition to removal on December 28, 2020.  ECF No. 15.

## II.    Legal Standard

Removal is governed by federal statutes.  *See*  28 U.S.C. §§1441, 1443, 1446.  Federal law is clear that only a defendant or defendants may remove a case—"plaintiffs cannot remove suits to federal court."  *Thomas v. Advance Hous., Inc.,* 475 Fed. Appx. 405, 407 (3d Cir. 2012);  *see also*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941);  *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that [28 U.S.C. §§ 1441, 1443, and 1446] confine the right of removal from a state court to a federal district court to *a defendant or defendants*." (emphasis supplied)).  Because a plaintiff is "master of his own claim" and can avoid federal

---

[1] During the December 21, 2020 Telephonic Status Conference, the Court disclosed that her husband is adjunct faculty at the University of Pittsburgh School of Law and periodically teaches a course in the School of Law.  The Court advised the parties that she is confident in her ability to remain impartial and fair in presiding over the case but nevertheless provided the parties with an opportunity to file a motion for her recusal, if desired, on or before the close of business on December 23, 2020.  ECF No. 10, ECF No. 11.  Neither party filed a motion for recusal.  On December 28, 2020, Plaintiff a motion for an extension of time to file a motion for recusal to give him more time to contemplate whether to seek recusal.  ECF No. 14-1.  The Court granted Plaintiff an extension to consider whether to seek recusal.  ECF No. 16.  Plaintiff subsequently notified the Court that he does not seek recusal.  ECF No. 17.

jurisdiction by relying on state law, "it is considered just and proper to require the plaintiff to abide by his choice of forum." *Marcone v. Phila. Marine Trade Ctr.*, Civil Action No. 98-438, 1998 U.S. Dist. LEXIS 9189, at *3 (E.D. Pa. June 23, 1998).

Congress' decision to restrict removal to defendants is jurisdictional—plaintiffs who choose to file their claims in state court originally deprive the federal court of subject matter jurisdiction. *See Conner*, 457 F.2d at 1243; *McCool v. Pennsylvania*, Civil Action No. 4:14-cv-00083, 2014 U.S. Dist. LEXIS 170242, at *10 (M.D. Pa. Oct. 23, 2014); *Moses v. Ski Shawnee, Inc.*, Civil Action No. 00-3447, 2000 U.S. Dist. LEXIS 10665, at *1 (E.D. Pa. July 31, 2000) ("A restriction by Congress on who may bring or remove an action at all would seem to implicate jurisdiction. The Supreme Court has referred to this restriction as jurisdictional." (*citing Shamrock Oil & Gas*, 313 U.S. at 107)).

### III. Application

Here, the law is clear that plaintiffs cannot remove an action from state court if they originally filed in a state court as Plaintiff has. *See Thomas*, 475 Fed. Appx. at 407; *Conner*, 457 F.2d at 1243. Plaintiff exercised his prerogative as "master of his own claim" to choose his preferred forum among the proper fora when he filed his claims in the Allegheny County Court of Common Pleas. *See Marcone,* 1998 U.S. Dist. LEXIS 9189 at *3. It is just and proper to expect Plaintiff to litigate his claims in the Court of Common Pleas of Allegheny County, Pennsylvania. *See id.*

Moreover, by filing his claims in state court, Plaintiff stripped this Court of jurisdiction to hear the case. *See Conner*, 457 F.2d at 1243. Absent jurisdiction, the case must be remanded to the Allegheny County Court of Common Pleas for disposition.[2]

### IV.   Conclusion

For the foregoing reasons, this action is HEREBY REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania and this case shall be marked closed.

DATED this 29th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Furthermore, even if a plaintiff could remove a case to federal court, removal to obtain the relief requested would be improper. Plaintiff's Motion for Preliminary Injunction seeks to appeal Judge Ignelzi's order denying a preliminary injunction. ECF No.2; ECF No. 14, at ¶¶ 3–4. Such a review would violate the *Rooker-Feldman* Doctrine: that federal courts, other than the Supreme Court, should not conduct a direct review of state court decisions without specific authorization from Congress. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).