IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| N. W., | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-01964-CCW |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Third Motion to Reopen Case, Motion [for] Extension [of Time] to Serve, Motion to Amend Complaint, and Emergency Injunctive Relief. ECF No. 23. For the following reasons, Plaintiff's requested relief is denied.

**I.  Background**

The pro se Plaintiff, a former doctoral candidate at Defendant University of Pittsburgh, originally filed this action in the Court of Common Pleas of Allegheny County on August 26, 2020 alleging that Defendant discriminated against him on the basis of race. *See* Court of Common Pleas of Allegheny County, Pennsylvania, GD-20-09164 (the "Allegheny County Docket"). In particular, Plaintiff's complaint alleges that the University graded him more harshly because of his race and in retaliation for seeking redress of that discrimination. *See generally,* Compl., ECF No. 1-2.

Judge Ignelzi of the Allegheny County Court of Common Pleas held a hearing on Plaintiff's request for injunctive relief on December 15, 2020 via videoconference. Def.'s Br. in Opp. to Removal, ECF No. 15, at 1. Judge Ignelzi denied Plaintiff's request for injunctive relief

the same day.  *See* Allegheny County Docket, Doc. No. 3.  Plaintiff moved for reconsideration, which Judge Ignelzi denied on December 16, 2020.  *See* Allegheny County Docket, Doc. No. 4.

The next day, Plaintiff removed the action to this Court and sought an emergency injunction to reinstate him as a doctoral student at the Defendant University.  ECF No. 1; ECF No. 2.

This Court held a Telephonic Status Conference on December 21, 2020 to discuss Plaintiff's request for injunctive relief.  ECF No. 10.[1]  During that Conference, Defendant expressed its position that Plaintiff's removal of this case to federal court was improper.  *Id.* Plaintiff filed a supplemental brief in support of removal.  ECF No. 14.  Defendant filed a brief in opposition to removal on December 28, 2020.  ECF No. 15.

On December 29, 2020, the Court remanded this case to state court.  ECF No. 18.  The same day, Plaintiff filed a motion to have the Court reopen the case and consider the Complaint to be an original pleading filed initially in this Court, asserting that Plaintiff never served Defendant in the state court action.  *See generally,* ECF No. 19.  Currently, the action in the Allegheny County Court of Common Pleas is still pending.  *See generally,* the Allegheny County Docket.

---

[1] During the December 21, 2020 Telephonic Status Conference, the Court disclosed that her husband is adjunct faculty at the University of Pittsburgh School of Law and periodically teaches a course in the School of Law.  The Court advised the parties that she is confident in her ability to remain impartial and fair in presiding over the case but nevertheless provided the parties with an opportunity to file a motion for her recusal, if desired, on or before the close of business on December 23, 2020.  ECF No. 10, ECF No. 11.  Neither party filed a motion for recusal.  On December 28, 2020, Plaintiff a motion for an extension of time to file a motion for recusal to give him more time to contemplate whether to seek recusal.  ECF No. 14-1.  The Court granted Plaintiff an extension to consider whether to seek recusal.  ECF No. 16.  Plaintiff subsequently notified the Court that he does not seek recusal.  ECF No. 17.

On December 30, 2020, the Court denied Plaintiff's motion to reopen the case. ECF No. 20. On January 4, 2021, Plaintiff filed a Second Motion to Reopen [the] Case. ECF No. 21. On January 5, 2021, the Court denied Plaintiff's Second Motion to Reopen. ECF No. 22. The same day, Plaintiff filed a Third Motion to Reopen, which is now before this Court. ECF No. 23. Plaintiff's Third Motion to Reopen contends that the Court "erred procedurally when it skipped addressing whether the state [c]ourt had or did not have jurisdiction at the time of its ruling. Consequently, this Court erroneously concluded that 'the Rooker-Feldman Doctrine deprives this Court of subject-matter jurisdiction over Plaintiff's request to reopen the case and for injunctive relief.'" ECF No. 23-1, at ¶ 8.

**II.    Discussion**

Plaintiff cites the sentinel case of *Pennoyer v. Neff*, 95 U.S. 714 (1877) for the proposition that the validity of a court's judgment is predicated by the court exercising proper jurisdiction over the parties' dispute. *See* ECF No. 23-1, at ¶ 9. However, *Pennoyer* addressed the validity of the court's judgment when the court lacked personal jurisdiction over the defendant, which is not the case here.

By statute, Pennsylvania's tribunals, such as the Court of Common Pleas of Allegheny County, Pennsylvania, have personal jurisdiction over corporations, partnerships, limited partnerships, partnership associations, professional association, unincorporated associations and similar entities "that carry on continuous and systematic part of [their] general business within this Commonwealth." 42 Pa. C.S. § 5301. Notably, the subsection of § 5301 that provides for personal jurisdiction over individuals contains language that qualifies the Commonwealth's personal jurisdiction over individuals based on their qualifications at the time that process is served. *See e.g.,* 42 Pa. C.S. § 5301(a)(1) (personal jurisdiction exists over individuals who are domiciled or

present in the Commonwealth "at the time when process is served."). The statutory provisions for non-individual entities do not predicate personal jurisdiction on the entities' status at the time of service of process. 42 Pa. C.S. § 5301(a)(2)–(3). Furthermore, parties can consent to a court's jurisdiction implicitly by engaging in affirmative conduct that showed or expresses implied consent to the court's general *in personam* jurisdiction. *Wagner v. Wagner*, 768 A.2d 1112, 1115 (Pa. 2001). Here, Plaintiff filed the complaint, moved for a preliminary injunction, participated in the preliminary injunction, and moved for reconsideration in the Allegheny County Court of Common Pleas. *See* ECF No. 1-1; ECF No. 2-1, at 1. In doing so, Plaintiff submitted himself to the jurisdiction of the Allegheny County Court of Common Pleas. Furthermore, by filing her appearance on behalf of Defendant, Mariah Passarelli accepted service on behalf of the University of Pittsburgh. *See Vandergrift v. Knights Road Indust. Park, Inc.*, 416 A.2d 1011, 1013 (Pa. 1980) ("It is true, of course, that one can waive service of process by various means, and become a part to a suit by voluntary appearance") (quoting *Peterson v. Phila. Suburban Transit Co.*, 225 A.2d 577, 583 (Pa. 1969); *see also*, Notice of Appearance of M. Passarelli on behalf of University of Pittsburgh, Allegheny County Docket, Doc. No. 2. Accordingly, Plaintiff's assertion that the *Rooker-Feldman* Doctrine does not apply where the state court lacked jurisdiction to render the decision at issue, even if true, does not save his case before this Court.

The plaintiff is free to challenge the validity of the state court's jurisdiction by appealing Judge Ignelzi's decisions to the appropriate Pennsylvania appellate court to the extent allowable by applicable Pennsylvania rules and law. For the reasons set forth herein and in the Court's January 5, 2021 Order (ECF No. 22), its December 30, 2020 Order (ECF No. 20), and its December 29, 2020 Order (ECF No. 18), this Court is not an appropriate court in which to seek review of the

validity or merits of Judge Ignelzi's order denying the motion for preliminary injunction that Plaintiff filed in the Court of Common Pleas of Allegheny County, Pennsylvania.

### III. Conclusion

For these reasons, and the reasons set forth more fully in the Court's orders dated January 5, 2021 (ECF No. 22); December, 30, 2020 (ECF No. 20); and December 29, 2020 (ECF No. 18), the case is remanded to state court and Plaintiff's requests for relief before this Court are denied.

DATED this 8th day of January, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

Cc: (via ECF)

All Counsel of Record